# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Wise Underwriting Agency, LTD *on behalf of* Talisman Casualty Insurance Company LLC,**<br>***Plaintiff***<br><br>**v.**<br><br>**High Basin Brands Licenses, LLC and High Basin Brands Holding, LLC,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:25-cv-02141-ADA-SH** |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendants' Renewed Motion to Dismiss, filed March 18, 2026 (Dkt. 15); Plaintiffs' Motion for Leave to Amend Complaint, filed March 31, 2026 (Dkt. 17); Plaintiff's Brief on Complete Diversity and Proposed Amended Complaint, filed May 22, 2026 (Dkt. 23); Defendants' Memorandum of Law in Opposition to Plaintiff's Memorandum on Diversity Jurisdiction, filed May 28, 2026 (Dkt. 24); and the associated response and reply briefs.[1]

## I. Background

Plaintiff Wise Underwriting Agency, LTD on behalf of Talisman Casualty Insurance Company LLC sued Defendants High Basin Brands License, LLC and High Basin Brands Holding, LLC (together, "High Basin") seeking a declaratory judgment as to coverage under an insurance policy. Wise asserts diversity of citizenship jurisdiction under 28 U.S.C. § 1332. First Amended

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

Complaint, Dkt. 14 ¶ 1. High Basin moved to dismiss, arguing that Wise did not sufficiently allege diversity of citizenship and lacks standing. Dkt. 15. Wise then sought leave to file a Second Amended Complaint to cure the jurisdictional deficiencies. Dkt. 17.

On May 8, 2026, the Court found that the Proposed Second Amended Complaint did not cure Wise's deficient jurisdictional allegations. Dkt. 22 at 1. The Court ordered Wise to file a brief identifying the citizenship of each party and addressing any other issues relevant to jurisdiction. *Id.* at 2-3.

Wise contends that Talisman Insurance Company Inc. ("Talisman Inc.") is the "proper party," rather than Talisman Casualty Insurance Company LLC ("Talisman LLC"), and seeks to amend its complaint to include Talisman Inc. Dkt. 23 at 4. Wise asserts that before filing this lawsuit, Talisman Inc. "assumed responsibility for the administration of all aspects" of the policy at issue. *Id.* at 1-2. Wise argues that diversity of citizenship exists between Talisman Inc. and High Basin. *Id.* at 2.

## II. Discussion

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Before ruling on the merits of a case, "it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits." *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996). But "there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

Subject matter jurisdiction over a state claim in federal court under § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the

parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means that "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). "In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded." *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 309 (5th Cir. 2021) (citation omitted).

Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citation omitted). Alleging that a corporation is a citizen of a particular state is insufficient. *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020).

In its Proposed Second Amended Complaint, Wise alleges that "[Talisman LLC] is the real party in interest and principal on whose behalf Plaintiff, Wise brings this action." Dkt. 17-1 at 9, ¶ 5. Wise now seeks to replace Talisman LLC with Talisman Inc. and contends that Talisman Inc. is the "proper party." Dkt. 23 at 4.

Taking this allegation as true, Talisman Inc. is the real party at interest and its citizenship is determinative of diversity. *Grace Ranch*, 989 F.3d at 309. Wise alleges that Talisman Inc. is "a citizen of the state of Oklahoma" and "an Oklahoma corporation." Dkt. 23 ¶¶ 2, 7. Because Wise does not allege Talisman Inc.'s principal place of business, the Court finds that it has not sufficiently alleged Talisman Inc.'s citizenship and its proposed amendments do not cure its deficient jurisdictional allegations. *See Smith*, 978 F.3d at 282.

Generally, defective allegations of jurisdiction may be amended. 28 U.S.C. § 1653. Leave to cure jurisdictional deficiencies "is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009).

Wise now has made four unsuccessful attempts to cure its jurisdictional deficiencies. The Court finds that Wise had ample opportunity to establish diversity of citizenship, and that allowing further amendments would be futile. For that reason, the Court recommends that Judge Albright dismiss this case for lack of subject matter jurisdiction.

Having found a lack of subject matter jurisdiction, the Court does not address High Basin's standing arguments, but observes that Wise did not respond to those arguments in its reply brief (Dkt. 21). "A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues." *Stratta v. Roe*, No. 6:18-CV-00114-ADA, 2021 WL 1199634, at *6 (W.D. Tex. Mar. 30, 2021).

## III. Order

The Court **DENIES** Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 17).

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable Alan D Albright **GRANT** Defendants' Renewed Motion to Dismiss (Dkt. 15) and **DISMISS** this case without prejudice for lack of subject matter jurisdiction.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 14, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE